# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHARLETTA MCNEIL<br>1154 Taylor Drive<br>Folcroft, PA 19032 : | CIVIL ACTION |
| Plaintiff, : | No. _____ |
| v. : | |
| THE TRUSTEES OF THE UNIVERSITY :<br>OF PENNSYLVANIA d/b/a HOSPITAL OF<br>THE UNIVERSITY OF PENNSYLVANIA :<br>3400 Civic Center Boulevard<br>Philadelphia, Pennsylvania 19104 : | **JURY TRIAL DEMANDED** |
| Defendants. : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Scharletta McNeil (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against The Trustees of the University of Pennsylvania d/b/a Hospital of the University of Pennsylvania (*hereinafter* referred to as "Defendant" unless indicated otherwise) for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 USC § 2000), 42 U.S.C. §1981, the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA"- 29 USC § 2601), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA and the PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA and PFPO though would mirror the instant claims identically.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff has properly exhausted her administrative remedies with respect to her Title VII and ADA claims because she timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and files the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a medical facility which provides medical treatment to patients, including but not limited to radiation oncology, cardiovascular medicine and outpatient services.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black, African-American female.

12. Plaintiff has and continues to suffer from mental health illnesses, including but not limited to anxiety and depression.

13. Plaintiff has suffered from these mental health illnesses for at least approximately two years and has obtained medical treatment for same.

14. These mental health conditions, at times, limit and/or interfere with Plaintiff's daily functioning, including but not limited to, her ability to concentrate, think, focus and work (at times).[2]

15. Plaintiff initially started working at Defendant's facility in or about December of 2014 through a staffing agency.

16. In or about March of 2015, Plaintiff was hired directly by Defendant.

17. From in or about March of 2015 to in or about August of 2017, Plaintiff worked as an administrative assistant in Defendant's Radiology Revenue Cycle Operations ("RRCO") Department.

---

[2] This list of limitations is not intended to be an exhaustive list.

3

18. In this capacity, Plaintiff was supervised by Heather Kesner (Director of RRCO), Wendy Metz (Associate Director), Meghan Smith (supervisor) and Katherine Oliva (Supervisor), all of whom are white (Caucasian).

19. During her employment in the RRCO Department, Plaintiff was subjected to derogatory and disparate treatment based on her race by Defendant's management, including but not limited to Kesner and Metz.

20. For example, Kesner and Metz often ignored Plaintiff, failed to respond to her questions, belittled her by, among other things, calling her "emotional," issued her unwarranted discipline (including but not limited to a completely unwarranted discipline issued in or about June of 2017), falsely accused her of engaging in violations of company policy, failed to invite her to meetings and otherwise treated her poorly compared to her non-black colleagues.

21. In early 2017, Plaintiff conveyed directly to Ms. Kesner and Ms. Metz that she did not appreciate their treatment of her and that she believed their poor treatment of her was based on her race.

22. Despite these verbal complaints, Defendant failed to resolve the discriminatory treatment or otherwise remedy the situation.

23. In or about June 2017, Plaintiff again conveyed to Defendant's management, including but not limited to Andrea Mathis (Human Resources Generalist) and Ralph Muller (Chief Executive Officer), that she was being treated unfairly because of her race.

24. Plaintiff also submitted written complaints of race discrimination to Defendant's management.

25. Despite her complaints, Defendant failed to investigate or otherwise remedy the discrimination.

26. In or about late June of 2017, Plaintiff requested a medical leave of absence from Defendant to obtain treatment for her mental health conditions (as set forth *supra*).

27. Plaintiff disclosed her mental health conditions to Defendant's management, including but not limited to Ms. Kesner, Ms. Metz as well as Defendant's human resources department.

28. Plaintiff took a medical leave of absence from in or about July 2017 to early August 2017, to obtain treatment for her mental health conditions.

29. In or about July of 2017, Plaintiff also contacted the Philadelphia Commission on Human Relations ("PCHR") to initiate a complaint of discrimination.

30. After Plaintiff made complaints of race discrimination to Defendant's management and disclosed her medical conditions and need for time off for same, she was subjected to additional animosity and hostility, including being issued additional unwarranted reprimands, being falsely accused of violating company policies and being spoken to in a rude and condescending manner by Defendant's management.

31. In or about August of 2017, Plaintiff spoke to Ann Costello (Kesner's supervisor) and informed her that she believed Kesner and Metz were treating her poorly because of her race.

32. In response, Ms. Costello told Plaintiff "we don't go around saying those things." Ms. Costello did not offer Plaintiff any proposed remedies and, upon and information, did not undertake any investigation into Plaintiff's complaint.

33. In or about mid-August 2017, shortly after Plaintiff returned from medical leave and made additional complaints of discrimination, Plaintiff was removed from her position as an administrative assistant and demoted to a patient services representative.

34. Even while Plaintiff worked as a patient services representative, Kesner and Metz continued to treat Plaintiff poorly because of her race and complaints of race discrimination as well as her medical conditions, including but not limited to, disciplining her for unwarranted and ridiculous reasons (i.e. the style of her hair), falsely accusing her of failing to obtain a required flu shot despite that she had properly obtained the shot, calling her a "liar," and falsely informing her that she failed to follow proper patient registration procedures (which was not true).

35. In late December of 2017, Plaintiff complained to Defendant's management that she believed she had again been issued unfair discipline because of her race.

36. On or about January 3, 2018, Plaintiff requested from Defendant a short medical leave of absence (FMLA leave) to begin on or about January 10, 2018 to treat her ongoing mental health conditions.

37. Shortly thereafter, Defendant informed Plaintiff that she was eligible to take this requested FMLA leave.

38. On or about January 12, 2018, a few days after Plaintiff's last complaint of race discrimination and additional request for FMLA leave (medical leave), Plaintiff was terminated.

39. Plaintiff was told that she was being terminated for allegedly improperly viewing a patient's medical file.

40. This alleged reason for Plaintiff's termination is pretextual as: (1) Plaintiff did not improperly view, access or handle a patient's file; (2) Plaintiff was terminated almost immediately after her last complaint of race discrimination; (3) Plaintiff was terminated shortly after disclosing her mental health conditions to Defendant and requesting accommodations (i.e. time off from work) for same; (4) Plaintiff was terminated within a few days of requesting FMLA-qualifying medical leave; (5) non-black employees who have engaged in the same or

even more egregious conduct (than Plaintiff is alleged to have engaged in) have been treated more favorably than Plaintiff; and (6) throughout Plaintiff's employment, Defendant's management treated non-black employees more favorably.

41. Plaintiff believes and therefore avers that she was terminated (1) because of her race; (2) because of her mental health disabilities; and in retaliation for (3) complaining about race discrimination; (4) requesting accommodations; and (5) requesting and taking FMLA-qualifying medical leave.

## COUNT I
## Violations of 42 U.S.C. §1981
### ([1]Race Discrimination and [2] Retaliation)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff is an African-American female and thus a member of a protected class.

44. At all times relevant herein, Plaintiff was qualified for her job positions.

45. Plaintiff made repeated complaints of race discrimination to Defendant's management. However, Defendant failed to take prompt remedial action or otherwise remedy the discrimination.

46. Instead, Defendant terminated Plaintiff shortly after her complaints of race discrimination.

47. Plaintiff was terminated because of her race and in retaliation for making complaints of race discrimination.

48. Such conduct constitutes violations of 42 U.S.C. §1981.

## COUNT II
## Violations of Title VII of the Civil Rights Act of 1964
### ([1]Race Discrimination and [2] Retaliation)

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff is an African-American female and thus a member of a protected class.

51. At all times relevant herein, Plaintiff was qualified for her job positions.

52. Plaintiff made repeated complaints of race discrimination to Defendant's management. However, Defendant failed to take prompt remedial action or otherwise remedy the discrimination.

53. Instead, Defendant terminated Plaintiff shortly after her complaints of race discrimination.

54. Plaintiff was terminated because of her race and in retaliation for making complaints of race discrimination.

55. Such conduct constitutes violations of Title VII.

## COUNT III
## Violations of the Americans with Disabilities Act, as amended ("ADA")
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation]

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Plaintiff suffers from qualifying health conditions under the ADA (as amended), which (at times) affects her ability to perform some daily life activities (as discussed *supra*).

58. Plaintiff requested reasonable accommodations from Defendant, including time off from work for medical reasons.

59. Plaintiff was terminated shortly after disclosing her mental health conditions to Defendant and requesting accommodations for same.

60. Plaintiff was also subjected to increased hostility and animosity by Defendants' management, including but not limited to Kesner and Metz, after she disclosed her medical conditions and requested accommodations.

61. As a result, Plaintiff believes and therefore avers that she was terminated by Defendant because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) because she requested accommodations, which constitutes unlawful retaliation.

62. These actions as aforesaid constitute violations of the ADA, as amended.

## COUNT IV
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

63. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

65. Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

66. Plaintiff had at least 1,250 hours of service with Defendant in the year preceding her requests for leave.

67. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

68. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

69. Defendants committed interference and retaliation violations of the FMLA by (1) failing to properly offer or approve Plaintiff (for) FMLA leave; (2) demoting/transferring Plaintiff because of her request for FMLA-qualifying medical leave and/or use of same; (3) discouraging Plaintiff (via demotion, transfer, negative treatment and termination) from requesting or taking FMLA leave or otherwise exercising her FMLA rights (4) terminating Plaintiff because she requested and/or took FMLA-qualifying medical leave and to prevent her from taking further FMLA-qualifying leave in the future;

70. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.   Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
Attorney for Plaintiff

Dated: April 26, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

SCHARLETTA MCNEIL : CIVIL ACTION
:
v. :
:
THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA : NO.
D/B/A HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)


| 4/26/2018 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1154 Taylor Drive, Folcroft, PA 19032

Address of Defendant: 3400 Civic Center Boulevard, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendant's place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/26/2018    _____    ARK2484
                    Attorney-at-Law       Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/26/2018    _____    ARK2484
                    Attorney-at-Law       Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MCNEIL, SCHARLETTA

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA D/B/A HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- X 3 Federal Question *(U.S. Government Not a Party)*
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- X 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); Title VII (42USC2000); 42USC1981; FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, Title VII, 42USC1981, FMLA, PHRA and the Phila Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
  JURY DEMAND: X Yes  No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/26/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print | Save As... | Reset